TONY MOTCH, Respondent, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1899.**

**Railroads:** KILLING STOCK: CATTLE GUARDS: FENCE: INSTRUCTIONS. Where the animal killed gets on the right of way over cattle guards, evidence and instructions for the plaintiff relating to the condition of the fence are confusing, although defendant's instruction informs the jury there was no evidence of an entrance through the fence, since such instruction adds to the confusion, as also does one given in this case that it was not necessary for plaintiff to show the exact place where the animal entered.

Appeal from the Nodaway Circuit Court.—*Hon. C. A. Anthony*, Judge.

REVERSED AND REMANDED.

*Ramsay & Blagg* for appellant.

Appellant claims the court should have sustained the demurrer offered at close of plaintiff's evidence because there was not a "scintilla of evidence offered by plaintiff which tended to show that these cattle guards and particularly the north 'positive' cattle guard, was in any manner defectively erected or maintained," and because the trial court "finding as it did, that plaintiff's horses passed in over this 'positive' cattle guard." This is a question for the jury to determine from all the facts and circumstances in the case.    3 Wood on Railways,

sec. 1557; Jones v. Railway, 59 Mo. App. 137; Cole v. Railway, 47 Mo. App. 624; Railway v. Ritz, 34 Kan. 404; 19 Am. and Eng. R. R. Cases, 611. The petition contained all the material and necessary allegations. Jones v. Railway, 65 Mo. App. 443; Woods v. Railway, 51 Mo. App. 501; Jones v. Railway, 44 Mo. App. 15; Vail v. Railway, 28 Mo. App. 372; Meyers v. Union Trust Co., 82 Mo. 240; Duncan v. Railway, 91 Mo. 70; Mayfield v. Railway, 91 Mo. 296; R. S. 1889, sec. 2611; Fraysher v. Railway, 66 Mo. App. 573; Manz v. Railway, 87 Mo. App. 278; Kauffman v. Railway, 67 Mo. App. 159. (2) Appellant's second claim is untenable. Railway v. Ritz, 34 Kan. 404; 19 Am. and Eng. R. R. Cases, 611; 3 Wood on Railways, 1557; Jones v. Railway, 59 Mo. App. 137; Cole v. Railway, 47 Mo. App. 624. (3) The third error complained of by appellant is equally untenable. Blanton v. Dold, 109 Mo. 77. The instruction considered as a whole, fairly states the law, and appellant has not been injured thereby. Fields v. Railway, Mo. App.; Reporter, p. 746, and cases cited; Wetzell v. Wagoner, 41 Mo. App. 509; Wallich v. Morgan, 39 Mo. App. 469; Railroad v. Vivian, 33 Mo. App. 583; Reilly v. Railroad, 94 Mo. 600.

*J. W. Tompson* for respondent.

(1) The trial court, finding as it did that plaintiff's horses passed in over this "positive" cattle guard, should have sustained defendant's demurrer to the testimony. Walton v. Railway, 32 Mo. App. 634; Rottman v. Pohlmann, 28 Mo. App. 399; Donohue v. Railroad, 91 Mo. 357; Hyde v. Railroad, 110 Mo. 272; Perse v. Railway, 51 Mo. App. 171; Cole v. Railway, 47 Mo. App. 624; Jones v. Railway, 59 Mo. App. 137; Jones v. Railway, 52 Mo. App. 381, and cases cited; Nance v. Railroad, 79 Mo. 196. (2) At the close of all the evidence the court should have sustained a demurrer requested by defendant. Weaver v. Railway, 60 Mo. App.

207; Eswin v. Railway, 96 Mo. 290. The trial court erred in giving inconsistent and conflicting instructions to the jury. It is erroneous to give inconsistent instructions. Henschen v. O'Bannon, 56 Mo. 289; Price v. Railroad, 77 Mo. 508; Stevenson v. Hancock, 72 Mo. 612. An instruction in itself erroneous can not be supplied by one given in behalf of the other party. Goetz v. Railroad, 50 Mo. 472; Jones v. Railway, 59 Mo. App. 137. Although the court correctly gave "instruction number 6" on behalf of the defendant, this did not cure the error in "instruction number 4." Welch v. Railroad, 20 Mo. App. 477 and cases cited.

ELLISON, J.—This action was instituted by plaintiff to recover damages accruing to plaintiff by reason of defendant's engine and cars killing two of his horses and wounding another. The judgment in the trial court was for plaintiff.

There was much evidence heard as to the sufficiency of defendant's fences, gates and cattle guards. But it seems to be conceded that the animals got upon the track through and and over the cattle guards and the sole question relates to the question of whether they were sufficient, ordinarily to turn stock. Defendant's road runs through the plaintiff's farm. There was one guard on the north side and one on the south side of the farm. The horses entered the right of way (probably from the public road) through the north guard and wandered thence down along the track over defendant's right of way to the south guard where they passed out of the farm by going over the south guard and thence on south on the right of way between defendant's fences about one quarter of a mile to where they were struck.

The evidence should have been confined to the sufficiency of the cattle guards, whereas evidence was introduced tending to show a defective gate and fence and an instruction, number 4, was given for plaintiff on a hypothesis that the animals got upon the track through a defective fence. And

yet there was an instruction for defendant which told the jury that there was no evidence tending to show an entrance through defendant's fence. To add to the confusion which must have resulted from this conflict instruction number 4, for plaintiff contained a declaration that it was not necessary to plaintiff's recovery for him to show the exact place where the horses got upon the right of way. This may be true, but under the evidence in this case and the instructions referred to this only tended the more to confuse the situation. Here the animals entered the right of way over a cattle guard and thence continued over the right of way through another guard to the point of collision, and the sufficiency of these guards is the question for determination. With the foregoing exceptions the action of the court on the instructions given and refused appears to have been proper.

The judgment is reversed and cause remanded. All concur.